## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

**ESTEVAN FLORES aka**
**ALEJANDRO GASPAR,**
                              **Petitioner,**


                                                          **CIVIL NO. 06-1237 JH/LCS**


**JAMES JANECKA, Warden,**
**and the Attorney General of the**
**State of New Mexico,**
                              **Respondents.**


## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION


**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254, filed December 18, 2005 (*Doc. 1*), Respondents' Amended

Motion to Dismiss, filed March 29, 2007 (*Doc. 16*); and Record Proper filed March 19, 2007

(*see* docket sheet).  Petitioner, proceeding *pro se* and currently incarcerated, attacks the

Judgment, Sentence, and Commitment filed January 19, 2005  in the Third Judicial District,

Dona Ana County, State of New Mexico.  (*See Doc. 12, Ex. A*).  Respondents seek dismissal,

asserting that Petitioner has failed to state a claim pursuant to 28 U.S.C. § 2254 and that his

petition is time barred under the Antiterrorism and Effective Death Penalty Act of 1996

(AEDPA).  The United States Magistrate Judge, having considered the record, arguments of

counsel, relevant law, and being otherwise fully advised, recommends that Respondents' Motion

should be **GRANTED** on the issue of timeliness, and the Petitioner's petition should be

**DISMISSED with PREJUDICE**.

**I. PROCEDURAL HISTORY**

On April 16, 2004, in Dona Ana County, New Mexico, police discovered chemicals and glassware used to make methamphetamine when they entered the room in which Petitioner was staying. Plea Tr. Tape 2, Log no. 1518.  At that point actual production of methamphetamine had not yet begun. *Id.*  On April 24, police officers obtained a search warrant for two other addresses. *Id.* At the first address the production of methamphetamine was already in progress, and at the second address the remaining chemicals necessary to finish the process were found.  *Id.* Petitioner exited the second address and got into a van. *Id.* When the police stopped him, they found the recipe to make methamphetamine in his wallet. *Id.*

On October 4, 2005, petitioner pled guilty in the Third Judicial District Court to one count of trafficking and one count of attempted trafficking  pursuant to separate written plea agreements for each count. (*Doc. 12, Ex. B*).  Both plea agreements provided that the State would dismiss a felony count of conspiracy in return for the defendant's plea of guilty. *Id.* Petitioner moved to withdraw or change his plea before sentencing (*Doc. 12, Ex.* E), which the court denied and entered judgment for the charges on January 19, 2005. (*Doc. 12, Ex. G*).

In his first habeas corpus petition, filed February 17, 2005 (*Doc. 12, Ex. H*)[1], petitioner stated that he did not file a direct appeal because he had entered a guilty plea. Petitioner's first petition for habeas corpus petition was denied on the merits by the district judge on March 1, 2005. (*Doc. 12, Ex. I*).  Petitioner filed a timely petition for writ of certiorari to the New Mexico Supreme Court on May 25, 2005 (*Doc. 12, Ex. J*), which was denied on June 13, 2005. (*Doc. 12,*

---

[1] The state contends that Petitioner filed three petitions for habeas corpus in state court, one filed on February 17, 2005, the second filed on May 25, 2005, and the third filed on December 22, 2005.  (*Doc. Nos. 12 and 31*).   It appears, however, that the May 25th filing is a Petition for Writ of Certiorari (*Doc. 12, Ex. J*).

*Ex. K*).

Some six months later, Petitioner filed a second petition for writ of habeas corpus on December 22, 2005, this time directly with the New Mexico Supreme Court. (*Doc. 12, Ex. L*). The New Mexico Supreme Court remanded the case to the district court, which dismissed the petition on March 30, 2006, stating that the petitioner has raised no new issues from his previously denied petition. (*Doc. 12, Exs. M, N*).   Thereafter Petitioner filed a petition for writ of certiorari in the New Mexico Supreme Court on May 1, 2006 (*Doc. 12, Ex. O*), which was denied on May 22, 2006. (*Doc. 12, Ex. P*).

The State filed a Motion to Dismiss on March 29, 2007, arguing that Flores's petition is time-barred and that his claims fail to raise any constitutional violation requiring the granting of relief, because the state court denied his claims on the merits. (*Doc. 16*).


## II. ANALYSIS

Before looking to the timeliness of Flores's petition for federal habeas corpus, the question of whether he has exhausted his state court remedies must be addressed.  "Federal habeas relief is not available to a state prisoner unless it appears that the applicant has exhausted the remedies available in the court of the State..." *Harris v. Champion*, 15 F.3d 1538 (10th Cir. 1994), quoting 28 U.S.C. 2254(b) (quotations omitted).  The state has indicated that "regarding the exhaustion of state court remedies, it appears on preliminary examination of the record that the two claims raised in the Petition have been exhausted." (*Doc. 12*).  I will, therefore, only look to the issue of timeliness.

The Antiterrorism and Effective Death Penalty Act of 1996  sets a one-year limitation

period for filing petitions, including habeas corpus petitions,  running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d).  "The 1-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief is pending." *Day v. McDonough*, 547 U.S. 198, 1679, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006).

Under the AEDPA, dates are calculated using the anniversary method as expressed in FED. R. CIV. P. 6(a). *See United States v. Hurst*, 322 F. 3d 1256 (10th Cir.  2003)("[we] hold that calculation issues concerning the AEDPA statutes of limitations should be resolved under the principles expressed in Rule 6(a)... Like the other circuit courts, we reject the notion that the AEDPA statute should be computed under the "calendar-year method"). *See also, Lattimore v. Dubois*, 311 F.3d 46, 54 (1st Cir.  2002),  *Ross v. Artuz*, 150 F.3d 97, 103 (2th Cir. 1998).

Petitioner's conviction was final on January 19, 2005. (*Doc. 12, Ex. G*).  Absent any tolling and using the anniversary method set forth in FED. CIV. P. Rule 6(a), Petitioner had until January 19, 2006 to file his petition for habeas corpus in United States District Court.  28 U.S.C. § 2244(d).  Thirty days were tolled to allow Petitioner to file an appeal, making the new deadline to file  February 20, 2006.  Since Petitioner sought no direct appeal, the tolling period does not include the "90 days in which [P]etitioner might have sought certiorari review in the [Supreme Court] challenging state-court denial of post-conviction relief."  *Day v. McDonough*, 547 U.S. 198, 1679, quoting *Coates v. Byrd*, 211 F.3d 1225, 1227 (2000).  *See also, Day v. Crosby*, 391 F.3d 1192, 1193 (11th Cir. 2004).

Petitioner filed his first petition for habeas corpus in the Third Judicial District Court of New Mexico on February 17, 2005. (*Doc.12, Ex. H*).  The first petition was denied March 1,

4

2005. (*Doc 12, Ex. I*).  During the time the petition was under review, the statute of limitations was tolled twelve days, making the new deadline  March 6, 2006.  Petitioner filed his first petition for writ of certiorari with the New Mexico Supreme Court on May 25, 2005 (*Doc 12, Ex. J*), which was denied on the merits June 13, 2005 (*Doc. 12, Ex. K*).  The deadline was further tolled nineteen days during the time the petition for writ of certiorari was under review, making the new deadline March 25, 2006.  Petitioner's second petition for habeas corpus was erroneously filed in the New Mexico Supreme Court on December 22, 2005 (*Doc 12, Ex. L*).  The supreme court remanded the petition to district court, where it was denied on March 30, 2006 (*Doc. 12, Ex. M*). There were ninety-eight days tolled between Petitioner's second habeas filing and the denial, extending the deadline to July 3, 2006.  Finally, Petitioner filed his second petition for writ of certiorari on May 1, 2006 (*Doc. 12, Ex. O*), which was denied on May 22, 2006 (*Doc. 12, Ex. P*). Twenty-two days tolled between Petitioner's final petition for writ of certiorari and its denial, making the absolute final deadline to file a federal petition for habeas corpus July 25, 2006. Flores actually filed his petition for habeas corpus in the United State District Court on December 18, 2006, well after the expiration of the statute of limitations.[2]

The claims set forth in Petitioner's federal habeas corpus petition are substantially the same as Petitioner's state habeas corpus petitions[3] adding only the new claims of insufficiency of

---

[2] If the last day of the calculated period fell on a Saturday, Sunday, or legal holiday, the deadline extended until the end of the next day which was not one of the aforementioned days. FED. R. CIV. P. 6(a).

[3] Petitioner's claims included:
      1. Whether there was lack of effective assistance of counsel.
      2. Whether there was insufficiency of evidence.
      3. Whether Petitioner was denied his Fifth Amendment right to due process.
      4. Whether his plea was involuntary.

evidence and actual innocence. (*Doc 1*).

In order to clarify the timing, I have provided the following table:

| Date | Description | Days Tolled | Deadline to File in USDC |
|------|-------------|-------------|--------------------------|
| 01/19/05 | Judgment Final | - | 01/19/06 |
| | Days to Appeal | 30 | 02/20/06 |
| 02/17/05 | Petition for Habeas Corpus #1 Filed | - | |
| 03/01/05 | Petition for Habeas Corpus #1 Denied | 12 | 03/06/06 |
| 05/25/05 | Petition for Certiorari #1 Filed | - | |
| 06/13/05 | Petition for Certiorari #1 Denied | 19 | 03/25/06 |
| 12/22/05 | Petition for Habeas Corpus #2 Filed | - | |
| 12/23/05 | Remanded to the district court | - | |
| 03/30/06 | Petition for Habeas Corpus #2 Denied | 98 | 07/03/06 |
| 05/01/06 | Petition for Certiorari #2 Filed | - | |
| 05/22/06 | Petition for Certiorari #2 Denied | 22 | **07/25/06** |
| 07/25/06 | Statute of Limitations under AEDPA Expired | | |
| **12/18/06** | **Petition for Habeas Corpus filed in U.S. District Court** | | |

The next issue that this court must consider is whether individual claims within a separate habeas petition may be reviewed separately for timeliness.  Although the Tenth Circuit has not yet had an opportunity to entertain the issue,  other circuits agree that 28 U.S.C. § 2244(d) sets forth a "single statute of limitations, with a single filing date, to be applied to the application as a whole." *Walker v. Crosby*, 341 F.3d 1240, 1243 (11th Cir. 2003).

> Our interpretation of  § 2244(d)(1) is similarly guided by the distinction between an *application* and *claims* with an application, and by the presumption that Congress understood the difference when drafting AEDPA.  Section 2244(d)(1) refers only to a one-year limitation period that applies to 'an *application*.'  The statute does not suggest that a single application can be timely as to some claims and untimely as to other claims (emphasis in original).

*Id.* at 1244.  *See also, Sweger v. Chesney*, 294 F.3d 506, 514 (3rd Cir. 2002) (noting that "[28 U.S.C. § 2244(October 29, 2007)] makes no mention of a limitations period for

individual claims in a habeas petition.  It clearly applies to the entire habeas petition and

runs from the date on which the judgment that the habeas petition attacks became final").

 In my view, the statute of limitation in § 2244 applies to the application as a whole

and  the new claims set forth in Petitioner's petitions should not be considered separately

for timeliness.

 I recommend, therefore, that the Court find that Petitioner's writ for federal

habeas corpus is untimely and grant Respondent's motion to dismiss with regard to this

issue.

## III. RECOMMENDATION

 Having reviewed the record in this case, all applicable law, and being otherwise

fully advised, I recommend that Respondent's Motion to Dismiss be **GRANTED** and

Petitioner's Petition for Writ of Habeas Corpus be **DENIED with PREJUDICE** .  Timely

objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)C).  Within ten

days after a party is served with a copy of these proposed findings and recommendations

with the Clerk of the United States District Court, 333 Lomas Boulevard N.W.,

Albuquerque, NM 87102.  A party must file objections within the ten day period if that

party wants to have appellate review of the proposed findings and recommendations.  If

no objections are filed, no appellate review will be allowed.

Leslie C. Smith
United States Magistrate Judge

7